IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:15-cr-24 |
| Gary Ernest Eiseman, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Gary Ernest Eiseman moves for a sentence reduction. Doc. 294. He seeks a sentence reduction under 18 U.S.C. § 3582(c)(2). The United States opposes the motion. Doc. 297. For the reasons below, the motion is denied.

I.   **BACKGROUND**

Eiseman was charged with conspiracy to possess with intent to distribute methamphetamine and heroin. Doc. 2. Because of the quantity of methamphetamine involved in the conspiracy, the charge carried a mandatory minimum sentence of 10 years. Id. The United States also filed an information under 21 U.S.C. § 851, certifying a prior conviction of a felony drug offense. Doc. 43. That increased his mandatory minimum sentence to 20 years. Id.

Before trial, Eiseman and the United States reached a plea agreement. Doc. 134; Doc. 135; Doc. 136. In exchange for his cooperation, the United States agreed to withdraw the § 851 information establishing Eiseman's prior conviction. Doc. 136 at 2. At sentencing, Eiseman's offense level was calculated at a 29, and his criminal history an IV, making his sentencing guideline range 121-151 months (before considering the 20-year mandatory minimum). Doc. 258 at 5. His sentencing guideline range also included 2 status points. See U.S.S.G. § 4A1.1(e). The United States moved for a downward departure under United States Sentencing Guideline § 5K1.1.

Id. at 6. That motion was granted, but importantly for this motion, the § 851 information establishing Eiseman's prior conviction was not withdrawn. The United States recommended a sentence of 180 months, and Eiseman's counsel recommended 120 months. Id. at 8-9. The Court sentenced Eiseman to 162 months in prison. Doc. 243; Doc. 258 at 12.

Eiseman appealed and argued that the United States breached the plea agreement by not withdrawing the § 851 information. Appellant's Br., United States v. Eiseman, No. 16-1332, Entry ID 4382783 (8th Cir. Mar. 29, 2016). But the United States moved to remand the case. Mot. to Remand, United States v. Eiseman, No. 16-1332, Entry ID 4386156 (8th Cir. Apr. 7, 2016). On remand, the parties jointly recommended a 150-month sentence, and Eiseman's sentence was reduced to 150 months. Doc. 288. Once again, though, the § 851 information was not withdrawn—and the record indicates the parties agreed that the plea agreement breach was not addressed on a remand because the parties reached a joint recommendation on the sentence. Doc. 300 at 4; Doc. 303 at 3-4.

## II.     LEGAL STANDARDS

Because criminal sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Recently, however, Amendment 821 to the United States Sentencing Guidelines took effect, and allows for retroactive elimination of 2 criminal history status points for committing a federal offense while under probation, parole, or supervision. See USSG § 4A1.1(e);18 U.S.C. § 3582(c)(2). Section 3582(c)(2) of Title 18 of the United States Code provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphases added). The parties agree that Eiseman's sentencing guideline range was 121-151 months. With a one-point status point reduction per Amendment 821, his criminal history category would now be a III, and his sentencing guideline range would be 108-135 months.

But there is a rather unfortunate catch—Eiseman's sentence was not based on a sentencing guideline range that was subsequently lowered. Because the § 851 information was never withdrawn, his sentence was based on the mandatory minimum and a reduction from that mandatory minimum based on substantial assistance. Eiseman's reply brief correctly points out that the United States may have breached the plea agreement by not withdrawing the § 851 information. And that detail is significant because any reduction for substantial assistance would have then started at 120 months instead of 240 months. This chain of events is concerning, but because the § 851 information was never withdrawn, Eiseman's sentence was not based on a sentencing guideline range that was subsequently lowered. And this Court lacks the authority to convert a § 3582(c)(2) motion into a collateral attack on Eiseman's sentence. For those reasons, his motion is denied.

## IV.  CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. Eiseman's motion for a reduction in sentence (Doc. 294) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of July, 2024.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court